## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No.:

MASUMEH SAMANDI

      Plaintiff,

v.

TALCOTT RESOLUTION LIFE INSURANCE COMPANY d/b/a HARTFORD LIFE INSURANCE COMPANY,

      Defendant.

## COMPLAINT

COMES NOW the Plaintiff, Masumeh Samandi, by and through undersigned counsel, Thomas A. Bulger, Esq., of Silvern & Bulger, P.C., and respectfully submits this Complaint against the above-named Defendant.

## PARTIES

1. Plaintiff, Masumeh Samandi, is a natural person and citizen of the State of Colorado, with a current address of 13597 Via Varra, Unit 2305, Broomfield, Colorado 80020.

2. Defendant, Talcott Resolution Life Insurance Company d/b/a Hartford Life Insurance Company ("Defendant Hartford"), is a corporation and/or similar business entity which regularly conduct business in the State of Colorado. The Defendant's registered agent for service of process is the Colorado Division of Insurance, 1560 Broadway, Suite 850, Denver, Colorado 80202.

## JURISDICTION AND VENUE

3. At all pertinent times, Defendant administered and/or insured an employee benefit plan which provides long-term disability ("LTD") and other insurance benefits to employees of Yodle, Inc. ("Yodle"). Specifically, Defendant issued a policy which insures a group disability Plan subject to the provisions of the Employee Retirement Income Security Act of 1974, 29 U.S.C. §1101, *et seq.,* ("ERISA"). Upon information and belief, the Plan has delegated to Defendant Hartford its obligation to make all benefit decisions at issue in this claim.

4. At all pertinent times, Plaintiff was a full-time employee of Yodle and was a "participant" in or "beneficiary" of the Plan within the meaning of ERISA.

5. Thus, and at all pertinent times, and by virtue of said employment, Plaintiff was covered by the provisions of the Plan, including coverage for LTD benefits subject to the terms and conditions of the policies issued by Defendant to Yodle.

## JURISDICTION AND VENUE

6. This matter is authorized and instituted pursuant to 28 U.S.C. §1331, to address violations of Plaintiff's rights protected by Federal law, including her rights under ERISA and the subject ERISA Plan/policy.

7. Pursuant to 28 U.S.C. §1391, and/or Federal law, venue is proper in this Court wherein Plaintiff resides, and wherein Defendant regularly conducts business and wherein (at least part) of the wrongful conduct alleged herein occurred.

## STATEMENT OF THE FACTS

8. At all pertinent times, Plaintiff was employed by Yodle in an internet marketing and sales position.

9. In or around 2014, Plaintiff was forced to stop working due to severe fatigue, pain and cognitive issues related to multiple and serious health issues.

10. Plaintiff has been diagnosed *inter alia* with chronic fatigue syndrome and/or fibromyalgia, Lyme disease, sleep apnea and severe degenerative disc disease resulting in surgery. In all, Plaintiff has been diagnosed with over 20 significant health issues, including mental health issues.

11. Plaintiff applied to the Plan, through Defendant, for LTD benefits in or around 2014.

12. Defendant approved LTD effective July 16, 2014, after Plaintiff exhausted the Plan's elimination period, and after she received the full amount of short term disability available from her employer.

13. At various times since, Defendant has terminated and/or suspended benefits, forcing Plaintiff to file appeals.

14. Ultimately, Defendant approved and paid LTD to Plaintiff from July 16, 2014 to May 4, 2019.

15. On or about January 10, 2019, Defendant determined it would terminate Plaintiff's LTD again effective May 4, 2019, and advised Plaintiff of that decision in writing.

16. Defendant in fact terminated Plaintiff's LTD on May 4, 2019.

17. On or about May 23, 2019 Plaintiff appealed Defendant's decision.

18. On or about July 9, 2019 Defendant upheld its decision to terminate Plaintiff's LTD.
.

19. As pertinent here, The Plan provides for LTD if, due to sickness or injury, the employee is disabled from her own occupation during the Plan's own occupation period of 24 months (and thereafter if disabled from any other reasonable occupation).

20. At all pertinent times Plaintiff:

   a. Suffered from a sickness/illness;

   b. Was unable to perform the essential duties of her own occupation (or any other reasonable occupation) due to said sickness; and

   c. Was, and is, unable to perform the essential functions of her own occupation, and/or any other occupation for which she is qualified.

21. Defendant has wrongfully denied Plaintiff's claim for LTD benefits.

22. Plaintiff timely submitted the various appeals required by the Plan document and requested a review of her claim. Plaintiff provided additional medical documentation and other information in support of her claim, including additional letters of support from her treating physician and/or others.

23. Plaintiff also included additional information with her appeals, including medical records demonstrating the nature and extent of her ongoing disability and including supporting records.

24. Defendant refused to alter its position and issued its final denial of Plaintiff's claim on or about July 9, 2019.

25. Defendant's determinations are against the weight of medical evidence, including but not limited to the opinions of Plaintiff's physicians and/or healthcare providers, and/or medical restrictions on Plaintiff's activities.

26. Defendant's determination was otherwise erroneous, and/or arbitrary and capricious in that Defendant failed to consider all pertinent medical and/or other evidence indicating that Plaintiff's medical condition prevents her from engaging in her own or any other occupation.

27. Defendant has unreasonably refused to pay LTD benefits to Plaintiff, despite additional documents and other evidence submitted by Plaintiff, subsequent to Defendant's denial of benefits.

28. Plaintiff has exhausted all Administrative Appeals provided by the Plan, and this action is timely filed.

### CLAIM FOR RELIEF:
### VIOLATION OF ERISA, WRONGFUL DENIAL OF BENEFITS
### PLAINTIFF V. DEFENDANT

29. At all pertinent times, Plaintiff was covered by the Plan, which included coverage for LTD benefits, as set forth above.

30. At all pertinent times, Defendant was a claim fiduciary, fiduciary and/or administrator of the Plan, and/or claim administrator, within the meaning of ERISA.

31. Defendant was otherwise delegated the authority to administer claims for LTD benefits by the Plan.

32. At all pertinent times, Plaintiff met the criteria for LTD under the Plan including that she was unable to perform the functions of her own and/or any other occupation and provided reasonable documentation (medical or otherwise) of that fact.

33. Defendant has improperly, erroneously, arbitrarily and/or capriciously denied Plaintiff benefits due and owing under the Plan.

34. Defendant's wrongful conduct includes, but is not limited to:

   A. Failing to consider all pertinent medical information, including but not limited to the opinions of Plaintiff's treating physicians and/or healthcare providers;

   B. Failing to provide an adequate review and appeal;

   C. Failing to act in Plaintiff's best interests;

   D. Failing to consider credible evidence of functional impairments, including but not limited to the results of a functional capacity exam;

   E. Failing to consider Plaintiff's prior medical history;

   F. Failing to reasonably interpret and apply the terms of the Plan;

   G. Failing to conduct a reasonable investigation; and

   H. Failing to reasonably and properly interpret and implement all Plan provisions.

35. As a matter of law, Defendant has an inherent conflict of interest in this matter as claims administrator and guarantor.

36. Defendant's wrongful conduct has caused injuries and damages to the Plaintiff, including lost LTD benefits.

## DAMAGES

37. The Defendant's above-alleged wrongful conduct caused injuries and damages to the Plaintiff, including but not limited to: Past and future economic damages, including but not limited to loss of LTD benefits. Plaintiff has also incurred attorney's fees and costs as a result of Defendant's conduct.

WHEREFORE, Plaintiff requests judgment and damages against Defendant Lincoln and/or the Plan as follows:

A. A declaratory judgment that Defendant has violated Plaintiff's rights under ERISA;

B. An injunction and/or other appropriate equitable other relief as permitted by ERISA, including but not limited to §502(a)(1)(b) ordering Defendant to make Plaintiff whole and/or to return them to the position plaintiff would have obtained in the absence of Defendant's wrongful conduct, including payment of health insurance premiums otherwise covered by the policy;

C. Retroactive reinstatement LTD benefits and payment of all back due benefits pursuant to ERISA §502(a)(1)(b), as well as an order, requiring Defendant to process Plaintiff's claim for future LTD disability benefits.

D. Reasonable attorneys' fees and costs, including but not limited to witness fees, as provided in ERISA §502(G)(1), 29 U.S.C. §1132(g)(a) and/or other applicable case law;

E. Interest on any awards at the highest rate allowed by law as provided in ERISA §502(G)(1), 29 U.S.C. §1132(g)(1); and

F. Such other and further relief as this Court deems just and appropriate.

Dated this 23rd day of July, 2019.

SILVERN & BULGER, P.C.

*s/Thomas A. Bulger, Esq.*

_____
Thomas A. Bulger, Esq.
Counsel for Plaintiff
4800 Wadsworth Boulevard, Suite 307
Wheat Ridge, Colorado   80033
(3030 292-0044
Facsimile (303) 292-1466
Email: counsel@silvernbulger.com